ROB BONTA, State Bar No. 202668
Attorney General of California
R. LAWRENCE BRAGG
Supervising Deputy Attorney General
JAMES MATHISON, State Bar No. 149387
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-6274
  Fax:  (916) 324-5205
  E-mail:  James.Mathison@doj.ca.gov
*Attorneys for Defendants*
*Freriks and Gorrell*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **DAVID PANGBORN,** | 2:21-cv-00631-CDK |
| Plaintiff, | **DEFENDANTS' RESPONSE TO ORDER REGARDING PLAINTIFF'S CONCERNS ABOUT THE SETTLEMENT PAYMENT** |
| **v.** | |
| **GORRELL, et al. ,** | **[RE: ECF NO. 18]** |
| Defendants. | |

**INTRODUCTION**

Plaintiff filed documents expressing concern that the settlement payment in this case was not paid to him, but instead was either retained by CDCR, or improperly allocated to Plaintiff's restitution obligations. (ECF No. 17.) The Court ordered Defendants to file a response, indicating whether Plaintiff has been paid, and whether the money paid has been or will be used to reduce restitution owed by Plaintiff. (ECF No. 18.) Defendants now respond.

///

///

1

1

**THE SETTLEMENT IS BEING PROCESSED AND IS NOT OVERDUE**

2       Plaintiff signed and returned the settlement agreement on November 2, 2021. A copy is

3 attached as Exhibit 1. Under the agreement, CDCR has 180 days from that date to pay the

4 settlement proceeds. Therefore, the settlement is to be paid by approximately May 2, 2022.

5       In his filing, Plaintiff does not state that the settlement proceeds have actually been paid.

6 Instead, it appears that Plaintiff filed administrative grievances and corresponded with the

7 prison's Office of the Ombudsman about the settlement agreement, and the amount of his

8 restitution and other financial obligations. On receiving the Court's order to respond to Plaintiff's

9 filing, Defendants' counsel contacted CDCR about the status of processing the settlement.

10 Counsel was informed that the settlement is currently with the Budget Analyst for payment

11 processing, no payments have been made, and it is expected that the settlement will be paid

12 within the 180 day deadline.

13       Under the terms of the settlement agreement, any restitution owed by Plaintiff will be paid

14 first from the settlement proceeds, and the remaining balance (if any) will be paid to Plaintiff.

15 However, it is premature to assess the issue of particular allocations and payment of the

16 settlement proceeds until payment actually occurs. Once the settlement is paid, if Plaintiff objects

17 to how the settlement proceeds have been distributed, as to his restitution or otherwise, that will

18 be the proper time for Plaintiff to submit a filing to the Court on the matter.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

**CONCLUSION**

2          Plaintiff's filing addressing his concerns about the settlement payment is premature. The

3   settlement has not been paid but is being processed. It remains to be determined specifically how

4   payment will be distributed as between proceeds paid to Plaintiff's restitution versus payments

5   paid to Plaintiff.  The matter should be addressed, if necessary, once the settlement is paid or the

6   time to do so has expired.

7   Dated:  January 25, 2022                    Respectfully submitted,

8                                               ROB BONTA
                                                Attorney General of California
9                                               R. LAWRENCE BRAGG
                                                Supervising Deputy Attorney General

10

11                                              */s/ James Mathison*

12                                              JAMES MATHISON
                                                Deputy Attorney General
13                                              *Attorneys for Defendants*
                                                *Freriks and Gorrell*

14
    SA2021301407
15  35853550.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Response to Order Re Plaintiff's Concerns About the Settlement Payment  (2:21-cv-00631-CDK)

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES

This Settlement Agreement and Release (Agreement) concerns DAVID PANGBORN (Plaintiff) and the California Department of Corrections and Rehabilitation (CDCR) on behalf of Defendant B. Freriks.  Plaintiff, CDCR, and Defendant shall be referred to as "the parties."

### II. RECITALS

Certain disputes and differences have arisen between the parties to this Agreement. These disputes and differences resulted in Plaintiff filing a complaint in the United States District Court for the Eastern District of California, *DAVID PANGBORN v. GORRELL, et al.*, Case No. 2:21-cv-00631-CDK (the Complaint).  This Agreement covers all of the claims and allegations in the Complaint and any amendments thereto against Defendants, whether named or unnamed and whether served or unserved, and any past or current employees of CDCR.

Defendants, including CDCR, deny all of the allegations of wrongdoing made by Plaintiff in this lawsuit.  The parties, however, now desire and intend by this Agreement to settle all disputes between them relating to the claims alleged in the Complaint, including any rights to appeal, and that concern in any way the allegations of the Complaint, and to discharge each other from any and all liability with reference to such claims, except as specifically set forth in this Agreement.

Therefore, in consideration of the covenants set forth in this Agreement, the parties settle their dispute on the terms and conditions set forth below.

### III. TERMS AND CONDITIONS

1.      Plaintiff shall sign a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which Defendants shall file immediately.

2.      CDCR shall pay Plaintiff $750 (the settlement amount).  However, Plaintiff understands that CDCR is obligated by California Penal Code section 2085.8 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts.  Such amounts and fees will be deducted from the settlement amount and paid on Plaintiff's behalf as required by Penal Code section 2085.8.  If the settlement amount exceeds the restitution amounts and fees, the excess balance shall be made by check to Plaintiff's inmate trust account.  Plaintiff further understands that CDCR is obligated to pay all outstanding liens against Plaintiff, known or unknown, if any, which amounts must be deducted from the settlement amount and paid on Plaintiff's behalf to the lienholder(s).

3.      Plaintiff shall complete a Payee Data Record form to enable payment and credit toward his restitution obligations.  Plaintiff shall return the completed Payee Data Record form to Defendant's counsel as soon as reasonably possible.

4.      CDCR will make a good-faith effort to pay the settlement amount (minus any restitution amounts, liens and fees) within 180 days from the date Plaintiff delivers to Defendants

a signed settlement agreement, a notice of voluntary dismissal with prejudice, and the required Payee Data Record form. Plaintiff understands that payment may be delayed by the lack of a State budget, a funding shortfall despite a State budget, the processing efforts of the State Controller's Office, and other events not attributable to Defendants or CDCR. Unless expressly stated otherwise, no interest shall be paid on the settlement amount.

     5.      No other monetary sum will be paid to Plaintiff.

     6.      Each party shall bear its own costs and attorney's fees.

     7.      There are no other actions required on the part of CDCR or Defendants.

## IV. GENERAL RELEASE

It is the intention of the parties in signing this Agreement that it shall be effective as a full and final accord and satisfaction and release from all claims asserted in the Complaint. By signing this Agreement, Plaintiff releases CDCR, Defendants, whether named or unnamed and whether served or unserved, and any other past or current CDCR employees from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the Complaint.

In furtherance of this intention, the parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542, which states:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

This Agreement is the compromise of various disputed claims and shall not be treated as an admission of liability by any of the parties for any purpose. The signature of or on behalf of the respective parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.

## V. SUCCESSORS AND ASSIGNS

This Agreement shall be binding on the parties and their respective officers, agents, administrators, successors, assignees, heirs, executors, trustees, attorneys, consultants, and any committee or arrangement of creditors organized with respect to the affairs of any such party.

Plaintiff represents that he owns the interests, rights, and claims that are the subject matter of this Agreement. Plaintiff and his principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates fully release and discharge the other parties and their principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates from all rights, claims, and actions that Plaintiff and his successors now may have or at any time in the future may have against the other parties and their successors.

## VI. REPRESENTATIONS AND WARRANTIES

No other consideration. The consideration recited in this Agreement is the only consideration for this Agreement, and no representations, promises, or inducements have been made to the parties, or any of their representatives, other than those set forth in this Agreement.

Execution in counterpart. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Execution of further documents. Each party to this Agreement shall complete, execute or cause to be executed such further and other documents as are needed to carry out the expressed intent and purpose of this Agreement.

Entire agreement. This Agreement constitutes a single, integrated agreement expressing the entire agreement of the parties, and there are no other agreements, written or oral, express or implied, between the parties, except as set forth in this Agreement.

No oral modifications or waiver. No supplement, modification, or amendment to this Agreement shall be binding unless executed in writing by all the parties. No waiver of any provision of this Agreement shall be binding unless executed in writing by the party making the waiver. No waiver of any provision of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

Governing law. Unless expressly stated otherwise in this Agreement, the terms, conditions, and provisions of this Agreement are governed by and interpreted under California state law.

Severability. Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

The undersigned agree to the above:

Dated: __11 - 2 - 21__          By: _____
                                        Plaintiff DAVID PANGBORN

Dated: _____          By: _____
                                        Assistant General Counsel
                                        California Department of Corrections and
                                        Rehabilitation

Approved as to form:

Dated: _____     By: _____

James Mathison, Deputy Attorney General
Counsel for Defendant

# CERTIFICATE OF SERVICE

Case Name:   **David Pangborn (AW-7484) v.**            No.   **2:21-cv-00631-CDK**
             **Gorrell, et al.**

I hereby certify that on <u>January 25, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' RESPONSE TO ORDER REGARDING PLAINTIFF'S CONCERNS ABOUT THE SETTLEMENT PAYMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>January 25, 2022</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

David James Pangborn, AW7484
California State Prison - Sacramento
2-D - 145 L
P.O. Box 290001
Represa, CA 95671
***In Pro Se***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 25, 2022</u>, at Sacramento, California.

| C. Wodarczyk | ***/s/ C. Wodarczyk*** |
| :---: | :---: |
| Declarant | Signature |

SA2021301407
35857907.docx